# Exhibit 3

ANTHONY J. FERATE (*Pro Hac Vice Application Pending*)
COURTNEY POWELL (*Pro Hac Vice Application Pending*)
SPENCER FANE
9400 North Broadway Ext. #600
Oklahoma City, OK 73114
Telephone: (405) 844-9900
ajferate@spencerfane.com
cpowell@spencerfane.com

SCOTT YOUNG (10695)
SPENCER FANE, SNOW, CHRISTENSEN & MARTINEAU
10 Exchange Place, 11th Floor
Post Office Box 45000
Salt Lake City, Utah 84145
Telephone: (801) 521-9000
*Attorneys for Plaintiff*

---

### IN THE UNITED STATES DISTRICT COURT

### DISTRICT OF UTAH – SOUTHERN DIVISION

---

| | |
|---|---|
| COLBY JENKINS, an individual,<br>MICHAEL GILLESPIE, an individual,<br>MARSHA GILLESPIE, an individual,<br>TANNER GILLESPIE, an individual,<br>JOSHUA HORLACHER, an individual,<br>CAMILLE TOPHAM, an individual,<br>RICHARD TOPHAM, an individual,<br>KELSIE TOPHAM, an individual,<br>LAJUANA ROBINSON, an individual,<br><br>          Plaintiffs,<br><br>vs.<br><br>BEAVER COUNTY; GINGER McMULLIN, in her official capacity as Clerk/Auditor for BEAVER COUNTY; DAVIS COUNTY; BRIAN McKENZIE, in his official capacity as Clerk/Auditor for DAVIS COUNTY; GARFIELD COUNTY; CAMILLE MOORE, in her official capacity as Clerk/Auditor for | **DECLARATION OF THOMAS MACKEL**<br><br>Honorable <u>David Nuffer</u><br><br>Case # <u>4:24cv63</u><br><br>**TIER 3** |

| | |
|---|---|
| GARFIELD COUNTY; IRON COUNTY; JON WHITTAKER, in his official capacity as Clerk/Auditor for IRON COUNTY; JUAB COUNTY; TANIELLE CALLAWAY, in her official capacity as Clerk/Auditor for JUAB COUNTY; KANE COUNTY; CHAMEILL LAMB, in her official capacity as Clerk/Auditor for KANE COUNTY; MILLARD COUNTY; MARKI ROWLEY, in her official capacity as Clerk/Auditor for MILLARD COUNTY; PIUTE COUNTY; KALI GLEAVE, in her official capacity as Clerk/Auditor for PIUTE COUNTY; SALT LAKE COUNTY; LANNIE K. CHAPMAN, in her official capacity as Clerk/Auditor for SALT LAKE COUNTY; SEVIER COUNTY; STEVEN C. WALL, in his official capacity as Clerk/Auditor for SEVIER COUNTY; TOOELE COUNTY; TRACY SHAW, in her official capacity as Clerk/Auditor for TOOELE COUNTY; WASHINGTON COUNTY; RYAN SULLIVAN, in his official capacity as Clerk/Auditor for WASHINGTON COUNTY; WAYNE COUNTY; FELICIA SNOW, in her official capacity as Clerk/Auditor of WAYNE COUNTY; and, DEIDRE HENDERSON, in her official capacity as the Lieutenant Governor of the State of Utah.<br><br>                    Defendants. | |

I, Thomas Mackel, hereby state and declare under penalty of perjury as follows:

1. I am over 18 years of age and a resident of the State of Nevada. All statements made in this Declaration are based on my personal knowledge or belief.

2. I am President, with the company Engage Marketing Inc, A California Corporation, which provides mailing services to political consultants, postal data improvement

2

for those with access to various registered voter files, and consulting to the mailing industry. I serve as a member of the Postmaster General's Mailers Technical Advisory Committee on behalf of the American Association of Political Consultants. My profession requires me to work directly with the postal service and understand how the different units and facilities operate and function.

3. I am a regular industry speaker. I've presented detailed information of postal products and processes at the National Postal Forum, USPS Area Inspiring Mail (AIM) meetings, Postal Customer Council (PCC) meetings, and USPS sales associate meetings. Attendees have included county election officials from various jurisdictions.

4. USPS Kit 600 - Your 2024 Official Election Mail, for county election officials, defines Postal Service Postmarking Guidelines. Within the guidelines, the USPS is clear "Each state establishes by law the rules and requirements for ballot submission, including ballot-submission deadlines and the role, if any, that postmarks play in determining whether a ballot was timely. In the normal course of operations, the Postal Service does not postmark, or "cancel" every piece of mail in the system. The primary purpose of cancellation is to ensure that postage cannot be reused, and some categories of postage are precanceled before they enter the mailstream." The county election officials rely on postmark dates even though the USPS clearly states the purpose of the postmark is not to record acceptance into their handling.

5. The Office of Inspector General for the United States Postal Service has audited similar instances of timely disputes caused by postal handling issues. OIG audit report 22-187-R23 was published March 27, 2023 citing statistical processing failures during the 2023 midterm elections, "ALL CLEARS - Per Postal Service policy, mail processing facilities are required to certify they are clear of Election Mail by 10 a.m. each day and delivery units are

required to certify they are clear of Election Mail twice a day, once prior to 10 a.m. and once in the afternoon before close of business. During our observations, we found two of 104 (1.9 percent) mail processing facilities and 61 of 793 (7.7 percent) delivery units did not certify the facility was all clear prior to 10 a.m. Additionally, 14 of 793 (1.8 percent) delivery units' observations did not complete the afternoon all clear prior to close of business. We also reviewed nationwide daily all clear certification data at all mail processing facilities and delivery units for the period of October 11, 2022, through November 10, 2022. We found 3 percent of mail processing facilities and 22.3 percent of delivery units were not compliant with daily all clear certifications prior to 10 a.m. and 30.3 percent of delivery units' observations were not compliant with daily all clear certifications in the afternoon prior to close of business." The OIG has sixteen reports, many of which cite concerns over consistent postmarking, under the category of Election and Political Mail. I suspect the statistical failures are much higher during lesser known primary election dates.

6. Citizens in multiple Utah counties have their mail processed and postmarked at the Las Vegas Processing and Distribution Center (SCF), located adjacent to Harry Reid International Airport at 1001 Sunset Road, claim to have filled out and mailed ballots prior to election day as required, and claim, due to processing delays, their ballots were not postmarked until after June 24, 2024, and therefore were not counted.

7. Mail collected throughout the day usually makes its way back to the local Destination Delivery Unit by route mail carriers. USPS collection boxes are also generally serviced by local DDU postal employees. This mail is then staged at the DDU for an external

contractor or postal service vehicle to transport mail to a processing center. The claimants' mail-in ballots appear to route from one hundred to three hundred miles away in another state.

8. County election officials should actively communicate any critical information to the US Postal Service as listed in USPS publication 632. At minimum, election officials are advised within Publication 632 to contact their Postal Service Manager of Customer Relations no less than two weeks prior to election day. Specifically, the USPS publication 632 states election officials to "Inform your Postal Service Manager of Customer Relations of your cut-off time for receiving returned ballots." Notifying the Postal Service Manager of Customer Relations is of critical importance when election mail is handled by contract trucking, or Nevada based postal employees.

9. In previous elections, I've interviewed many SCF and transportation employees, including management, who simply do not know they are handling time sensitive election mail near a cutoff date. This problem is almost always caused by a lack of communication to the USPS by county election officials for primary or special election dates. Nevada based employees and contractors would be especially vulnerable because Nevada primaries had already concluded. Further, Nevadans were subjected to election confusion with February presidential primaries, where "None of the Above" won for the Republican Party, there was a separate GOP Caucus, and a June 11th primary election.

10. Utah counties' election officials with mail routed to Las Vegas for postmarks could've preventatively communicated postmark requirement and delay concerns. USPS officials, with timely notice, can alert all mail handlers of the cut-off date and sensitivity. Additionally, the USPS can provide alternate means to ensure cut-off day collections by

manually postmarking timely ballots prior to dispatch from the DDU up to the SCF. This would provide the same treatment as if a customer walked a stamped letter over the front retail counter for hand cancellation and acceptance.

11. The Office of Inspector General to the United States Postal Service reported a specific example of proper awareness and handling of ballots, "October 26, 2020, the Postal Service implemented extraordinary measures to accelerate the delivery of ballots to ensure they were included in the election process. This included expedited delivery of ballots through Express Mail and postmarking and sorting ballots for local delivery at delivery units, rather than sending them to mail processing facilities." Voters in the defendants' counties did not appear to be afforded such an easy safeguard to ensure their ballots were properly counted. See March 5, 2021 OIG report 20-318-R21.

12. Also Utah counties' election officials could have collaborated on a sensible curing process given the inherent delay of transporting in county correspondence mailings to a sectional facility hundreds of miles away, in southern Nevada.

13. Mail in ballots sent through Las Vegas may not receive the proper postmark despite being submitted to what a voter would believe is timely. Although the Postal Service has accepted the ballot within the cut-off date. Any number of possible delays in transit could cause a properly mailed and timely ballot to receive a postmark cancellation later than the proper date. Additionally, outbound ballot mail can get stuck to other mail pieces in processing or incur other mechanical delays between timely acceptance and delivery referred to as "loop mail."

14. It appears voters, who deposited mail for timely collection prior to the cutoff date, were not afforded a timely local postmark. Utah's Congressional District 2 features some of the

most distant postmark cancellation of stamped mail in the United States. Incongruently dated postmarks can happen as explained above. It appears this has occurred to timely voters in Utah's Congressional District 2 election.

15. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED on this 28th day of September, 2022.

Thomas Mackel