A.J. FERATE (*Pro Hac Vice Application Pending*)
COURTNEY POWELL (*Pro Hac Vice Application Pending*)
SPENCER FANE LLP
9400 North Broadway Ext. #600
Oklahoma City, OK 73114
(405) 844-9900
ajferate@spencerfane.com
cpowell@spencerfane.com

SCOTT YOUNG (10695)
SPENCER FANE LLP
10 Exchange Place, Eleventh Floor
Salt Lake City, UT  84111
 (801) 521-9000
rsyoung@spencerfane.com
*Attorneys for Colby Jenkins*

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH – SOUTHERN DIVISION

| | |
|---|---|
| COLBY JENKINS, an individual, MICHAEL GILLESPIE, an individual, MARSHA GILLESPIE, an individual, TANNER GILLESPIE, an individual, JOSHUA HORLACHER, an individual, CAMILLE TOPHAM, an individual, RICHARD TOPHAM, an individual, KELSIE TOPHAM, an individual, LAJUANA ROBINSON, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>BEAVER COUNTY; GINGER McMULLIN, in her official capacity as Clerk/Auditor for BEAVER COUNTY; DAVIS COUNTY; BRIAN McKENZIE, in his official capacity as Clerk/Auditor for DAVIS COUNTY; GARFIELD COUNTY; CAMILLE MOORE, in her official capacity as Clerk/Auditor for | **AMENDED VERIFIED COMPLAINT**<br><br>Case No:  4:24cv63 DN<br><br>Judge: David Nuffer |

GARFIELD COUNTY; IRON COUNTY; JON WHITTAKER, in his official capacity as Clerk/Auditor for IRON COUNTY; JUAB COUNTY; TANIELLE CALLAWAY, in her official capacity as Clerk/Auditor for JUAB COUNTY; KANE COUNTY; CHAMEILL LAMB, in her official capacity as Clerk/Auditor for KANE COUNTY; MILLARD COUNTY; MARKI ROWLEY, in her official capacity as Clerk/Auditor for MILLARD COUNTY; PIUTE COUNTY; KALI GLEAVE, in her official capacity as Clerk/Auditor for PIUTE COUNTY; SALT LAKE COUNTY; LANNIE K. CHAPMAN, in her official capacity as Clerk/Auditor for SALT LAKE COUNTY; SEVIER COUNTY; STEVEN C. WALL, in his official capacity as Clerk/Auditor for SEVIER COUNTY; TOOELE COUNTY; TRACY SHAW, in her official capacity as Clerk/Auditor for TOOELE COUNTY; WASHINGTON COUNTY; RYAN SULLIVAN, in his official capacity as Clerk/Auditor for WASHINGTON COUNTY; WAYNE COUNTY; FELICIA SNOW, in her official capacity as Clerk/Auditor of WAYNE COUNTY; and, DEIDRE HENDERSON, in her official capacity as the Lieutenant Governor of the State of Utah.

Defendants.

Plaintiffs Colby Jenkins ("Mr. Jenkins"), Michael Gillespie, Marsha Gillespie, Tanner Gillespie, Joshua Horlacher, Camille Topham, Richard Topham, Kelsie Topham, and LaJuana Robinson (collectively, "Plaintiff Voters") by and through their counsel, allege as follows:

## PARTIES, JURISDICTION AND VENUE

1. Colby Jenkins is an individual who resides in the State of Utah. Mr. Jenkins is a Republican candidate for the United States House of Representatives, Second Congressional District. Mr. Jenkins established the Colby Jenkins for Congress campaign (the "Jenkins Campaign") under the laws of the United States. The Jenkins Campaign is authorized under the laws of the United States to spend campaign contributions to support the Jenkins Campaign.

2. Michael Gillespie is an individual who resides in the State of Utah and is registered to vote in Utah's Second Congressional District. Michael Gillespie resides in St. George, Utah, which is in Washington County. Michael Gillespie dropped his ballot off at the post office on Sunday, June 23, 2024. His ballot was disqualified and not counted in the June primary due to late postmarking.

3. Marsha Gillespie is an individual who resides in the State of Utah and is registered to vote in Utah's Second Congressional District. Marsha Gillespie resides in St. George, Utah, which is in Washington County. Marsha Gillespie dropped her ballot off at the post office on Sunday, June 23, 2024. Her ballot was disqualified and not counted in the June primary due to late postmarking.

4. Tanner Gillespie is an individual who resides in the State of Utah and is registered to vote in Utah's Second Congressional District. Tanner Gillespie resides in St. George, Utah, which is in Washington County. Tanner Gillespie dropped his ballot off at the post office on Sunday, June 23, 2024. His ballot was disqualified and not counted in the June primary due to late postmarking.

5. Joshua Horlacher is an individual who resides in the State of Utah and is registered to vote in Utah's Second Congressional District. Joshua Horlacher resides in St. George, Utah, which is in Washington County. Joshua Horlacher mailed his ballot in on June 24, 2024. His ballot was disqualified and not counted in the June primary due to late postmarking.

6. Camille Topham is an individual who resides in the State of Utah and is registered to vote in Utah's Second Congressional District. Camille Topham resides in Enoch, Utah, which is in Iron County. Camille Topham mailed her ballot on Sunday, June 23, 2024. Her ballot was disqualified and not counted in the June primary due to late postmarking.

7. Richard Topham is an individual who resides in the State of Utah and is registered to vote in Utah's Second Congressional District. Richard Topham resides in Enoch, Utah, which is in Iron County. Richard Topham mailed his ballot on Sunday, June 23, 2024. His ballot was disqualified and not counted in the June primary due to late postmarking.

8. Kelsie Topham is an individual who resides in the State of Utah and is registered to vote in Utah's Second Congressional District. Kelsie Topham resides in Enoch, Utah, which is in Iron County. Kelsie Topham mailed her ballot on Sunday, June 23, 2024. Her ballot was disqualified and not counted in the June primary due to late postmarking.

9. LaJuana Robinson is an individual who resides in the State of Utah and is registered to vote in Utah's Second Congressional District. LaJuana Robinson resides in Paragonah, Utah, which is in Iron County. LaJuana Robinson mailed her ballot on Sunday, June 23, 2024. Her ballot was disqualified and not counted in the June primary due to late postmarking.

10. Defendant Beaver County is a county in the State of Utah located in the Second Congressional District. Ginger McMullin is the Clerk/Auditor for Beaver County, Utah.

11. Defendant Davis County is a county in the State of Utah located in the Second Congressional District. Brian McKenzie is the Clerk/Auditor for Davis County, Utah.

12. Defendant Garfield County is a county in the State of Utah located in the second Congressional District. Camille Moore is the Clerk/Auditor for Garfield County, Utah.

13. Defendant Iron County is a county in the State of Utah located in the Second Congressional District. Jon Whittaker is the Clerk/Auditor for Iron County, Utah.

14. Defendant Juab County is a county in the State of Utah located in the Second Congressional District. Tanielle Callaway is the Clerk/Auditor for Juab County, Utah.

15. Defendant Kane County is a county in the State of Utah located in the Second Congressional District. Chameill Lamb is the Clerk/Auditor for Kane County, Utah.

16. Defendant Millard County is a county in the State of Utah located in the Second Congressional District. Marki Rowley is the Clerk/Auditor for Millard County, Utah.

17. Defendant Piute County is a county in the State of Utah located in the Second Congressional District. Kali Gleave is the Clerk/Auditor for Piute County, Utah.

18. Defendant Salt Lake County is a county in the State of Utah located in the Second Congressional District. Lannie K. Chapman is the Clerk/Auditor for Salt Lake County, Utah.

19. Defendant Sevier County is a county in the State of Utah located in the Second Congressional District. Steven C. Wall is the Clerk/Auditor for Sevier County, Utah.

20. Defendant Tooele County is a county in the State of Utah located in the Second Congressional District. Tracy Shaw is the Clerk/Auditor for Tooele County, Utah.

21. Defendant Washington County is a county is a county in the State of Utah located in the Second Congressional District. Ryan Sullivan is the Clerk/Auditor for Washington County, Utah.

22. Defendant Wayne County is a county in the State of Utah located in the Second Congressional District. Felicia Snow is the Clerk/Auditor for Wayne County, Utah.

23. Diedre Henderson is the Lieutenant Governor of the State of Utah and is responsible for elections held within the state.

24. The acts giving rise to the issues in this case occurred within the State of Utah.

25. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

26. This Court is authorized to issue a declaratory judgment and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202, 42 U.S.C. § 1983, Rules 57 and 65 of the Federal Rules of Civil Procedure, and this Court's equitable jurisdiction to enjoin actions by state officials that violate the Constitution, *see Armstrong v. Exceptional Child Center, Inc.*, 575 U.S. 320, 326-327 (2015).

## INTRODUCTION

27. Plaintiffs re-allege and incorporate by reference herein the allegations contained in the preceding paragraphs.

28. This action concerns an election law barrier that will disenfranchise a significant number of voters in southern Utah – specifically, the Second Congressional District – that resulted in Defendants' failure to properly count valid ballots in accordance with Utah Code Ann. § 20A-3a-204 and Utah Code Ann. § 20A-3a-401.

6

OK 1219089.1

29. The impact of these failures is that voters in southern Utah will simply have their votes discarded because they did not know that the processing and postmarking time necessitated early mailing of their ballots.

30. It has long been recognized that the right to vote is the "fundamental political right, because [it is] preservative of all rights." *Yick Wo v. Hopkins*, 118 US. 356, 370 (1886). This is so well accepted that the qualification that preceded the declaration in *Yick Wo* – that voting is a "privilege merely conceded by society according to its will, under certain conditions" – sounds foreign. *Id.* There is "no right [is] more precious in a free country than that of having a voice in the election of those who make the laws under which, as good citizens, we must live." *Wesberry v. Sanders,* 376 U.S. 1, 17 (1964).

31. This action primarily seeks two kinds of relief: first, emergency relief relating to the certification of the June 24, 2024 primary election that is scheduled to be certified on Monday, July 22, 2024, and second, relief under the Equal Protection Clause to ensure that all votes are protected and counted, regardless of where a ballot happens to be mailed or processed.

*Utah Law Concerning Ballots Cast by Mail.*

32. In Utah, ballots returned by mail must be mailed and clearly postmarked or otherwise marked as received by the United States Post Office ("USPS") before election day. Utah Code Ann. § 20A-3a-204 (2)(a). Mailed-in ballots must also be received by election officers on or before noon on the day of the official canvass following the election. *Id.*

33. According to USPS, when a mail piece, including a ballot, is dropped off at a post office location before the location's last pick-up time, it will be postmarked with the date it was dropped off.[1]

34. Furthermore, every ballot that is returned by mail or via a ballot drop box must first be checked to ensure that the signature on the envelope matches the signature in the voter registration records. Utah Code Ann § 20A-3a-401(3).

35. If a poll worker determines that the signature is not "reasonably consistent," then the poll worker must reject the ballot, contact the individual to inform them that their signature is in question, and notify them how the voter can cure their ballot so that it will be counted. Utah Code Ann. § 20A-3a-401(4)-(5).

*Primary Race for the Second Congressional District.*

36. Colby Jenkins is one of two candidates running in the Republican primary election for Utah's Second Congressional District that concluded on June 25, 2024.

37. Utah's Second Congressional District is comprised of thirteen counties. These counties include: Beaver, Davis, Garfield, Iron, Juab, Kane, Millard, Piute, Salt Lake, Sevier, Tooele, Washington, and Wayne.

---

[1] Last visited 7/18/2024 https://faq.usps.com/s/article/What-is-the-Latest-Collection-Time-at-a-Post-Office#:~:text=000007492-,If%20a%20mailpiece%20is%20dropped%20off%20at%20a%2024%2Dhour,and%20postmarked%20that%20same%20day

38. The Second Congressional primary race is an extremely close election. A total of 107,282 votes have been counted, and, as of Wednesday July 11, 2024, there are only 214 votes separating the two candidates, Colby C. Jenkins and Celeste Maloy.[2]

*Known delay in postmarking ballots.*

39. The zip codes of the 13 counties that compose the Second Congressional District range from 84010 (Davis County) through 84780 (Washington County).[3]

40. Mail from Utah localities bearing the 3-digit zip code prefix 840-846 is sent to USPS's Salt Lake City, UT Area Distribution Facility ("ADF SLC") for sorting and postmarking.[4] In other words, for all voters located in Davis County, Salt Lake County, Tooele County and Juab County who cast their ballots through mail, their ballots were sent to ADF SLC for processing and postmarking.

41. Mail from Utah localities bearing the 3-digit zip code prefix 847 is sent to USPS's Las Vegas, NV Sectional Center Facility ("SCF Las Vegas") for sorting and postmarking.[5] For voters located in Beaver County, Garfield County, Iron County, Kane County, Piute County, Washington County, and Wayne County who cast their ballots through mail, their ballots were sent to ADF Las Vegas for processing and postmarking.

42. However, certain counties include both the 846 prefix and the 847 prefix. In Millard County and Sevier County, voters within the Second Congressional District who cast their vote

---

[2] Last updated on July 10, 2024, https://electionresults.utah.gov/results/public/utah/elections/primary06252024/ballot-items/3056360d-8faf-4d2c-9b63-786969d068ff
[3] Last visited 7/18/2024, https://secure.utah.gov/datarequest/zipcodes.html
[4] Last visited 7/18/2024, https://fast.usps.com/fast/fastApp/resources/labelListFileDetails.action?listCode=L004&effectiveDateStr=06/01/2024
[5] Id.

9

via mail, had their ballots sent to either ADF SLC or SCF Las Vegas for sortation and postmarking:[6]

    a. In Millard County, ballots cast by mail in the following municipalities were sent to ADF SLC for sorting and postmarking: Delta, Fillmore, Hinckley, Holden, Kanosh, Leamington, Lynndyl, Meadow, Oak City, Oasis, and Scipio.

    b. In Millard County, ballots cast by mail in Garrison were sent to SCF Las Vegas for sorting and postmarking.

    c. In Sevier County, ballots cast by mail in the following municipalities were sent to ADF SLC for sorting and postmarking: Aurora, Redmond, Salina, and Sigurd.

    d. In Sevier County, ballots cast by mail in the following municipalities were sent to SCF Las Vegas for sorting and postmarking: Anabella, Elsinore, Glenwood, Joseph, Koosharem, Monroe, Richfield, and Sevier.

43. The ballot processing and postmarking problem was well-known to the Utah legislature. At a May 2024 Government Operations Interim Hearing, State Senator Ipson from Washington County noted that ballots do not "get postmarked until it gets to Vegas 2-3 days later, the vote never counted, there have been some elections swayed by that."

*Ballot abnormalities remain uncured.*

44. As of July 9, 2024, each county in Utah, including those in the Second Congressional District, had completed its own canvass. However, the Lieutenant Governor's office

---

[6] Id.

is required to conduct a statewide canvass on the fourth Monday after the primary election, or July 22, 2024. *See* Utah Code Ann. § 20A-4-306(5).

45. Multiple counties within Utah's Second Congressional District have outstanding ballots wherein voters have yet to cure perceived errors.

46. For example, Juab County has 30 ballots that have not been cured,[7] Kane County has 16 ballots that have not been cured,[8] Millard County has 26 ballots that have not been cured,[9] Tooele County has 23 ballots that have not been cured,[10] and Washington County has 342 ballots that have not been cured.[11]

47. If a ballot anomaly is curable, voters need only return a signed affidavit (as described in Utah Code Ann. § 20A-3a-401(c)), "no later than 5 p.m. three days before the day on which the canvass begins" to cure their ballot. Utah Code Ann. § 20A-3a-401(5)(e)(ii).

*Processing and postmarking delays invalidate ballots.*

48. Multiple counties within Utah's Second Congressional District have outstanding ballots wherein ballots were postmarked by SCF Las Vegas after June 24, 2024, despite being deposited in the mail on or before June 24, 2024.

---

[7] Last viewed July 11, 2024 https://juabcounty.gov/wp-content/uploads/2024/07/24P-Canvass-Rpt.pdf
[8] Last viewed July 11, 2024 https://kane.utah.gov/gov/dept/clerk-auditor/2024-primary-election-ballot-statistics1/
[9] Last viewed July 11, 2024 https://docs.google.com/spreadsheets/d/1OWPUklAq_RkxWbdgWYrY234je7QUdccs/edit?gid=1695919852#gid=1695919852
[10] Last viewed July 11, 2024 https://cms3.revize.com/revize/tooelecountyut/Document%20Center/Elections/Results%202024/07102024/24P%20Signed%20Election%20Canvass%20Report.pdf
[11] Last viewed on July 11, 2024 https://www.washco.utah.gov/forms/clerk-auditor/elections/2024/reports/2024%20JUNE%20Ballot%20Statistics-FINAL_07-10-2024.pdf

49. Nine counties in Utah's Second Congressional District – Beaver, Garfield, Iron, Kane, Millard, Piute, Sevier, Washington, and Wayne – have towns that bear the 3-digit zip code prefix "847," necessitating processing and postmarking at SCF Las Vegas, before the mailed in ballot is returned to election officials.

50. Citizens in multiple Utah counties that have their mail processed and postmarked at SCF Las Vegas, claim to have filled out and mailed ballots prior to election day as required, but due to processing delays, their ballots were not postmarked until after June 24, 2024, and therefore were not counted.[12]

51. Each of the Plaintiff Voters placed their ballots in the mail before the deadline. And each ballot cast by the Plaintiff Voters was disregarded because it was postmarked after the deadline. However, the trashing of ballots impacted more than just the Plaintiff Voters. Many citizens are willing to submit affidavits, attesting to mailing ballots prior to election day even though their ballots were postmarked after the deadline.

52. At the time of the election, Defendants Beaver, Garfield, Iron, Kane, Millard, Piute, Sevier, Washington, and Wayne, were aware of the processing and postmarking delays at SCF Las Vegas.

53. Despite their knowledge of the processing and postmarking delays, Defendants Beaver, Garfield, Iron, Kane, Millard, Piute, Sevier, Washington, and Wayne did nothing to address the delay or advise voters that their votes would not be counted as a result of the delay.

---

[12] For example, see https://www.sunews.net/post/southern-utah-counties-potentially-refuse-election-certification-over-ballot-concerns#:~:text=Whittaker's%20message%20was%20addressed%20to,%2C%20Kane%2C%20Garfield%20and%20Wayne.

12

54. A majority of these nine counties, whose ballots were processed at SCF Las Vegas, have reported ballots as not being curable due to late postmarking:

    a. In Beaver County, 2 ballots have not been counted due to late postmarking;[13]

    b. In Iron County, 491 ballots have not been counted due to late postmarking;[14]

    c. In Kane County, 8 ballots have not been counted due to late postmarking;[15]

    d. In Washington County, 662 ballots have not been counted due to late postmarking;[16] and

    e. In Wayne County, 8 ballots have not been counted due to last postmarking.[17]

55. As a result of Defendants failure to address the processing and postmarking delay, approximately 1,171 Utah residents – who exercised their right to vote – will be disenfranchised.

56. The results of the primary race will be tainted unless the uncounted ballots are counted.

**FIRST CLAIM FOR RELIEF – EQUAL PROTECTION (42 U.S.C. § 1983)**

57. Plaintiffs re-allege and incorporate by reference herein, the allegations contained in all of the paragraphs above.

---

[13] Last visited July 11, 2024 https://www.beaver.utah.gov/DocumentCenter/View/2053/Canvass-Beaver-Co-June-Primary-2024
[14] See *supra*, n. 3.
[15] See *supra*, n. 5.
[16] See *supra*, n. 8.
[17] Last visited July 11, 2024 https://waynecountyutah.org/uploads/canvas-results-june-25-2024.pdf

58. The principle of "one person, one vote" requires that courts seek to "[e]nsure that each person's vote counts as much, insofar as it [i]s practicable, as any other person's." *Hadley v. Junior Coll. Dist. of Metro. Kan. City,* 397 U.S. 50, 54 (1970).

59. The Equal Protection Clause of the Fourteenth Amendment requires that "all persons similarly situated [] be treated alike." *City of Bleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985).

60. Defendants are statutorily and constitutionally required to apply the law equally and to not favor any certain group of citizens or geographic area of the State. *See generally, Gray v. Sanders,* 372 U.S. 368 (1963).

61. The procedure for counting ballots that are directed through SCF Las Vegas intentionally causes the arbitrary and disparate treatment of voters because it imposes additional burdens on the voters in certain counties.

62. Specifically, ballots that are delivered to the SCF Las Vegas and placed in the mailbox on any election day will not be counted simply because the ballot envelope is not stamped until the next day when it reaches the processing facility.

63. Voters, including Plaintiff Voters, in the affected areas are not and were not advised about the delay in processing. Plaintiff Voters and other individuals residing in the affected areas were not advised that, contrary to the instructions from the Defendant County Clerks, their ballots would need to be in turned in the *two days before* election day to ensure that their vote was counted due to the delay in processing and postmarking at the SCF Las Vegas.

64. Defendants knew of this discrepancy in procedure and did nothing to correct the process or educate voters.

65. Defendants' actions impose severe burdens in time, inconvenience, and access to voting thereby violating the Constitution's promise of Equal Protection.

### SECOND CLAIM FOR RELIEF – UTAH CODE ANN. § 20a-1-803 (CURABLE BALLOTS) (Against all Defendants)

66. Plaintiffs re-allege and incorporate by reference herein, the allegations contained in all of the paragraphs above.

67. Pursuant to Utah Code Ann. § 20A-3a-401(5), if a ballot is challenged because the signature on the return envelope is not consistent with the individual's signature in the voter registration records, voters can "cure" their ballots by submitting a signed affidavit attesting that they voted the ballot and returning the ballot to an election officer. Pursuant to Utah Code Ann. § 20A-3a-401(6), if a ballot is rejected, the election officer is required to notify the individual of the rejection and the reason for the rejection. The election officer, if all requirements are met under § 20A-3a-401(5) or (6), is required to count the vote if the affidavit is received no later than 5 p.m. three days before the day on which the canvass begins.

68. It is the responsibility of the Defendant Clerks to notify a voter about the opportunity to "cure" a ballot.

69. Letters from Defendant Clerks located in the Defendant Counties of Beaver, Garfield, Iron, Kane, Piute, Washington, and Wayne County show they knew that letters placed in the mail for delivery by USPS were sent first to the SCF Las Vegas for processing and postmarking.

70. Because the letters advising of defects and rejections were sent to the SCF Las Vegas, there was a delay in the letters reaching the voters.

71. At least one voter received his letter advising him of his right to cure his ballot after the deadline had passed. As a result, his vote was not counted.

72. Mr. Jenkins is seeking an order requiring Defendant Clerks and Counties to enact a new cure period for invalidated ballots.

### THIRD CLAIM FOR RELIEF UTAH CODE ANN. § 20a-1-803
### (PROCESSING/POSTMARKING DELAY)
### (Against Defendants Beaver, Garfield, Iron, Kane, Milard, Piute, Sevier, Washington, and Wayne)

73. Plaintiffs re-allege and incorporate by reference herein, the allegations contained in all of the paragraphs above.

74. Pursuant to Utah Code Ann. § 20A-3a-204(2)(a)(i), a ballot that is mailed must be postmarked, or otherwise clearly marked as received by USPS before election day.

75. Additionally, ballots must be returned to the office of an election official before noon the day before the official canvass begins. Utah Code Ann.§ 20A-3a-204(2)(a)(ii).

76. But for the delays and/or malfeasance at SCF Las Vegas in processing and postmarking ballots mailed in a timely manner, hundreds of ballots would have been considered valid and counted.

77. Many citizens whose ballots were timely cast and mailed prior to election day, but postmarked after June 24, 2024, are willing to submit affidavits, testifying to the same.

78. As such, Plaintiffs are seeking an order requiring Beaver, Garfield, Iron, Kane, Millard, Piute, Sevier, Washington, and Wayne to perform an act as required by law to count all ballots timely cast and mailed before election day, but postmarked after June 24, 2024, by SCF Las Vegas, that are accompanied by a voter affidavit attesting to compliance with Utah Code Ann. § 20A-3a-204.

**FOURTH CLAIM FOR RELIEF- PRELIMINARY/PERMANENT INJUNCTION**

79. Plaintiffs re-allege and incorporate by reference herein, the allegations contained in all of the paragraphs above.

80. Pursuant to Utah Code Ann. § 20A-1-804(3)(b), the Jenkins Campaign seeks injunctive relief as set forth herein and by separate motion filed with this Complaint.

81. Plaintiffs seek a temporary restraining order and preliminary injunction to stop the certification of the June primary ballots until the ballots that were processed by the SCF Las Vegas are examined and opportunity is given to cure the deficiency as set forth above.

82. Plaintiffs will suffer irreparable harm if Defendants are permitted to continue the certification process.

83. Within 24 hours of filing this Complaint, Plaintiffs will be filing a Motion for Temporary Restraining Order and Preliminary Injunction. Plaintiffs will also be seeking an emergency hearing as the certification of the June primary is scheduled for Monday, July 22, 2024.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs hereby request the following relief:

1. For judgment in favor of the Plaintiffs and against Defendants on all causes of action alleged herein.

2. For judgment requiring all Defendants to enact a new cure period for all invalidated ballots.

3. For judgment requiring Defendants Beaver, Garfield, Iron, Kane, Millard, Piute, Sevier, Washington, and Wayne to count all ballots timely cast and mailed before election day,

but postmarked after June 24, 2024 by SCF Las Vegas, which are accompanied by a voter affidavit attesting to compliance with Utah Code Ann. § 20A-3a-204.

4. For an Injunction to issue prohibiting the certification of the result of the vote in the Second Congressional District until voters are given the opportunity to cure any defects caused by the processing and postmarking delay.

5. For an emergency hearing so that the requested Injunction may issue before the certification of the vote.

6. For attorneys' fees pursuant to 28 U.S.C. § 1927, 42 U.S.C. §1988, and this court's inherent power; and

7. For such other and further relief as this Court deems appropriate.

DATED this 18th day of July, 2024.

        SPENCER FANE LLP

        */s/ Scott Young*
        A.J. Ferate
        Courtney Powell
        R. Scott Young
        *Attorneys for Plaintiff*

## **VERIFICATION**

I, **COLBY JENKINS**, declare under criminal penalty of the State of Utah, and state that I am familiar with the contents of the above and foregoing Amended Verified Complaint, and that allegations in the Amended Verified Complaint are true and correct to the best of my knowledge and information, except as to matters alleged upon information and belief, and as to those matters, I believe them to be true.

DATED on this 18th day of July, 2024.

  */s/  Colby Jenkins*
Colby Jenkins
(Electronic signature attached with the written permission of signer.)